(No. 2577— )

SUSIE CASEY, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed June 11, 1935.

HARRIS B. GAINES, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

The claimant, Susie Casey, is the widow of Sergeant Jesse Casey who, at the time of his death, was a member of Company F, Eighth Infantry, Illinois National Guard. Said Jesse Casey enlisted in said Company F on November 18, 1931, and continued to be a member thereof until the time of his death as hereinafter set forth.

In the performance of his duties as a member of said Company F, said Jesse Casey was attending the annual tour of Field Training at Camp Grant, Illinois which commenced on August 4, 1934 and continued to August 18, 1934. About midnight on the night of August 9, 1934, while Casey was asleep in his tent, it was blown down by a violent rainstorm. Casey was unclothed at the time, and on account of his exposure to the inclement weather, became ill. On August 14th he presented himself to the Regimental Dispensary and complained of headache, backache, and general soreness of limbs. He was running a temperature of 101.4, and his condition was diagnosed as acute influenza. He was taken to the Base Hospital and, his condition becoming worse, was removed to St. Anthony's Hospital at Rockford, where he died on August 20, 1934.

Adjutant General Black in a report on the case, said:

"The record further indicates that the disease was contracted in line of duty."

Section Eleven (11) of Article Sixteen (16) of The Military Code of Illinois provides as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand," etc.

Under this provision of the statute, and the facts here-inbefore set forth, (which facts are not disputed) the claimant is clearly entitled to an award for financial help or assistance as provided by the statute.

The evidence shows that Casey had been regularly employed by Swift and Company at the Union Stock Yards, Chicago, for more than fifteen years just prior to his death; that his average annual wages were Eighteen Hundred Dollars ($1,800.00); that he was an able-bodied and healthy man, and the sole support of the claimant.

If the provisions of the Workmen's Compensation Act were followed in fixing the amount of the award, claimant would be entitled to the sum of Four Thousand Dollars ($4,000.00). In making awards under the Military and Naval Code, we are not bound by the provisions of the Workmen's Compensation Act, but in certain cases in which the provisions of such Act seemed to provide a just compensation, we have been guided thereby. In this case we are of the opinion that an award of Four Thousand Dollars ($4,000.00) is fair and reasonable and warranted by the evidence.

Award is therefore entered in favor of the claimant, Susie Casey, for the sum of Four Thousand Dollars ($4,000.-00).